RANDY S. GROSSMAN
Acting United States Attorney
MATTHEW BREHM
JOSEPH J. ORABONA
Assistant U.S. Attorneys
California Bar Nos.: 239288/223317
Office of the U.S. Attorneys
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8983/7951
Email:  matthew.brehm@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY ALEXANDER KARAS,<br><br>Defendant. | Case No.  20CR1842-DMS<br><br>UNITED STATES' SUPPLEMENTAL MOTIONS *IN LIMINE* TO:<br><br>1) Admit Karas' Post-Arrest Statements<br><br>Date:   April 30, 2021<br>Time:   11:00 a.m. |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Randy S. Grossman, Acting United States Attorney, and Matthew Brehm and Joseph J. Orabona, Assistant United States Attorneys, and moves the Court for an order granting the following supplemental motions *in limine*.

## INTRODUCTION

On April 16, 2021, the United States filed motions *in limine*. ECF 62. The Government's previously filed motions *in limine* only referenced one of Karas' post-arrest statements. Karas, however, gave two statements: one on May 31, 2021, when he was first discovered to have Molotov cocktails on his person, which was recorded on a body worn camera, ECF 61 Exhibit 1 at "Video 2," and another, on June 7, 2021, when

he was arrested on a federal complaint, which was audio recorded, ECF 61 Exhibit 1 at "Video 4." This motion is to clarify that the Government may seek to admit both of his post-arrest statements at trial.

Also, Defendant filed an opposition to the United States' motion asking the Court to deny the Government's motion to admit Defendant's girlfriend's post-arrest statement. *See* ECF 64. The Government also files this supplemental motion *in limine* to clarify that, while Defendant's girlfriend's statement was included on the DVD lodged with the Court, ECF 61, the Government was not moving to admit her statement.

## MOTIONS *IN LIMINE*

### A.   The Court Should Admit Defendant's Post-Arrest Statements

Before a criminal defendant's statement can be used against him, the Government must prove its voluntariness by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 489 (1972). The Government must also demonstrate a criminal defendant knowingly and intelligently waived his Miranda rights. *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir.1998).

Here, on May 31, 2021, after he was arrested and found to possess Molotov cocktails, Defendant agreed to make a statement. Defendant's statement is video recorded. *See* ECF 64 Exhibit 1 at Video 2. The recording reveals that Defendant was *Mirandized*, agreed to speak with agents, and then voluntarily answered their questions. Defendant is not yelled at, threatened, or otherwise coerced. Consequently, Defendant's statement should be admitted at trial. *See* Fed. R. Evid. 801(d)(2).

Similarly, on June 7, 2021, after he was arrested pursuant to an arrest warrant, Defendant agreed to make a statement. The statement is audio recorded. See ECF 64 Exhibit 1 at "Video 4."  The recording reveals that Defendant was *Mirandized*, agreed to speak with agents, and then voluntarily answered their questions. Defendant is not yelled at, threatened, or otherwise coerced. Consequently, Defendant's statement should be admitted at trial. *See* Fed. R. Evid. 801(d)(2).

Lastly, Defendant has objected to the Government admitting the video of Karas' girlfriend's post-arrest statement, ECF 64 Exhibit at Video 3. As previously noted in a footnote in the Government's motions *in limine*, the Government is not seeking to admit the video recording of her statement at this time, but provided the video to the Court for review at the Court's discretion, to allow the Court to make a ruling during trial should the video become relevant and a party seek to admit it.

## CONCLUSION

For the foregoing reasons, the United States asks the Court to grant its motion *in limine*.

DATED: April 27, 2021                                    Respectfully submitted,

                                                         RANDY S. GROSSMAN
                                                         Acting United States Attorney

                                                         */s/Matthew Brehm*
                                                         Assistant U. S. Attorney