**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. ZACHARY ALEXANDER KARAS, Defendant-Appellant. | No.   21-50185 D.C. Nos. 3:20-cr-01842-DMS-1 3:20-cr-01842-DMS MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, Chief District Judge, Presiding

Argued and Submitted November 10, 2022
Pasadena, California

Before:  MURGUIA, Chief Judge, and PARKER[**] and LEE, Circuit Judges.

In May 2021, a jury convicted Mr. Zachary Karas of one count of Possession of an Unregistered Destructive Device, in violation of 26 U.S.C. § 5861(d).  The district court sentenced Mr. Karas to a term of imprisonment of thirty-three months. Mr. Karas appeals his conviction, arguing that the district court erred in admitting

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

the testimony of the Government's explosives expert. Mr. Karas also appeals his sentence, arguing that the district court erred in denying a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction, vacate the sentence, and remand for resentencing.

1. This court "review[s] a district court's decision to admit or exclude expert testimony for an abuse of discretion." *United States v. Campos*, 217 F.3d 707, 710 (9th Cir. 2000); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999). Mr. Karas contends that the district court erred in admitting the testimony of the Government's expert because the expert's opinions were unreliable. Even if the district court erred in admitting the expert testimony, however, any error was harmless. *See United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1190 (9th Cir. 2019).

In determining whether to admit expert testimony, a trial court must perform a gatekeeping function to ensure that the expert's proffered testimony is reliable. *Kumho Tire Company*, 526 U.S. at 141. Though district courts "are vested with broad latitude to decide how to test an expert's reliability," *Murray v. S. Route Mar. SA*, 870 F.3d 915, 923 (9th Cir. 2017) (cleaned up), a "district court abdicates its gatekeeping role, and necessarily abuses its discretion, when it makes no reliability findings," *United States v. Holguin*, 51 F.4th 841, 853 (9th Cir. 2022) (cleaned up).

For this reason, reliability findings must be made "explicit" on the record, ensuring that "district courts engage in the reliability inquiry and create a record of that inquiry to facilitate appellate review." *Id.*

Even if the district court here abused its discretion by failing to make an explicit reliability finding, any error was harmless because the jury had sufficient evidence, even absent the expert's testimony, to conclude that Mr. Karas possessed a destructive device. The Government presented to the jury ample evidence reflecting that the seized devices contained sufficient gasoline to render them destructive, including testimony from multiple law-enforcement officers, a laboratory test confirming that the bottles contained gasoline, and Mr. Karas's own post-arrest statements and admissions. Given this evidence, it is more probable than not that the jury would have reached the same verdict without the expert testimony. *See Ruvalcaba-Garcia*, 923 F.3d at 1190. We therefore affirm Mr. Karas's conviction.

2. We review de novo the district court's interpretation of the Sentencing Guidelines. *United States v. George*, 949 F.3d 1181, 1184 (9th Cir. 2020). Under U.S.S.G. § 3E1.1(a), the Sentencing Guidelines require a sentencing court to reduce by two levels the offense level of a defendant who "clearly demonstrates acceptance of responsibility for his offense." Mr. Karas argues that the district court erred in denying the § 3E1.1 reduction based solely upon the fact that Mr. Karas contested a

matter of factual guilt at trial. Because the record fails to make clear whether the district court recognized that Mr. Karas was not per se ineligible for the reduction, we vacate the sentence and remand for resentencing.

"Even a defendant who contests his factual guilt at trial may, under some circumstances, be entitled" to the acceptance-of-responsibility adjustment. *United States v. Mohrbacher*, 182 F.3d 1041, 1052 (9th Cir. 1999). But the district court in this case declined to grant the § 3E1.1 reduction because doing so "would require a defense that is not based on matters of . . . factual guilt." And the district court did not provide any other basis for denying Mr. Karas the reduction. *See United States v. Cortes*, 299 F.3d 1030, 1031, 1039 (9th Cir. 2002) (vacating sentence because the record did not reflect whether the district court appropriately evaluated the factors germane to the acceptance-of-responsibility reduction); U.S.S.G. § 3E1.1 cmt. 1 (listing appropriate factors for the sentencing court to consider in determining whether to apply the adjustment). It is therefore unclear from this record whether the district court incorrectly assumed, as a matter of law, that Mr. Karas was ineligible for the § 3E1.1 reduction on the basis that Mr. Karas contested at trial an issue related to his factual guilt.

To the extent the district court employed a categorical bar to the § 3E1.1 reduction because Mr. Karas contested an element of the offense at trial, the district court erred. *See Cortes*, 299 F.3d at 1039; *United States v. Ochoa-Gayton*, 265 F.3d

5

837, 844 (9th Cir. 2001). We vacate Mr. Karas's sentence and remand to the district court to consider Mr. Karas's eligibility for the two-point acceptance-of-responsibility reduction under § 3E1.1. We express no opinion on the merits of Mr. Karas's request for the reduction.

The judgment of conviction is **AFFIRMED.** The sentence is **VACATED,** and the case is **REMANDED** to the district court for resentencing.