RANDY S. GROSSMAN
United States Attorney
MATTHEW BREHM
Assistant U.S. Attorney
California Bar No.: 239288
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8983
Email: Matthew.Brehm@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ZACHARY ALEXANDER KARAS, <br><br> Defendant. | Case No.: 20CR1842-DMS <br><br> Date:  February 24, 2023 <br> Time:  9:00 a.m. <br><br> The Honorable Dana M. Sabraw <br><br> **THE UNITED STATES' SUPPLEMENTARY SENTENCING MEMORANDUM** |

The Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Randy S. Grossman, United States Attorney, and Matthew Brehm, Assistant U.S. Attorney, hereby files its Supplementary Sentencing Memorandum, which is based upon the files and records of this case and evidence admitted at trial.

DATED: February 17, 2023                    Respectfully submitted,

                                                               RANDY S. GROSSMAN
                                                               United States Attorney

                                                               */s/Matthew Brehm*
                                                               Assistant United States Attorney

# I.

# INTRODUCTION

On May 31, 2020, there were protests in La Mesa, California. At approximately 2:00 a.m., Zachary Alexander Karas (hereafter, Defendant or Karas) and his girlfriend were observed in the middle of the street near Allison Avenue and Spring Street, in front of trolley tracks, blocking traffic as part of an ongoing protest in the area. At the time of the protest in La Mesa, several fires had been set and those fires burned real and personal property, including buildings and vehicles. Officers gave orders to the crowd, including Karas, to disperse for an unlawful assembly. Karas was arrested after he failed to leave his position. His girlfriend was also arrested after she tried repeatedly to force her way through a police line to get to Karas as he was being processed. Officers found a large stone in her purse, similar to stones that had been thrown at officers that night. Officers discovered that Karas possessed two glass bottles with wicks that contained gasoline and fireworks. Karas claimed that one of the bottles was empty.

On July 2, 2020, Karas waived indictment and pled not guilty to an information charging him with a violation of 28 U.S.C. § 5861, Possession of an Unregistered Destructive Device. *See* ECF 18, 19. On May 10, 2021, a jury trial commenced and ended with the jury finding Karas guilty. ECF 74, 75. Karas' defense, relying on his statements, was that he did not possess destructive devices, in that the Molotov cocktails he possessed lacked sufficient gasoline to cause damage and, therefore, failed to meet the definition of a destructive device.

On August 13, 2021, a sentencing hearing was held for Karas. The United States calculated Karas' sentencing guideline range as 33 to 41 months, argued Karas was not entitled to an acceptance of responsibility adjustment, and recommended 33 months' custody. The probation officer applied an additional upward adjustment resulting in a guideline range of 41 to 51 months, did not recommend an acceptance of responsibility adjustment due to having insufficient information, and recommended 41 months' custody. Karas requested a sentence of five years' probation with one year of home confinement. He requested a two-level downward adjustment for acceptance of responsibility.

During the hearing, Karas addressed the Court, saying:

Hoping that you got the files that were given by my lawyer. And I hope you see that it is clear that I am, you know, not aggressive, not violent, not an unruly person.

And the charges that are placed against me are -- they are a huge disappointment, not only to myself but to most of my supporters, my family. Many of them are here, many of them wrote letters. And also, of course, to the city of San Diego, which I am sorry to them, and also to the city of La Mesa for the results that happened in the protest.

And this is really hard. And I accept that I do have a drinking problem that I have ignored for a really long time. And I would like -- well, personally I have already decided to withdraw from drinking indefinitely, and any programs that would accept my attendance I would like to attend.

And, yeah, this is like a big hinderance on the normal life I was living. Yeah, I have more, I am just kinda freezing up. Sorry. And so I guess my main point is I was hoping you would be kind enough to give me, like, the lenience to try to continue that normal life. And, you know, basically choose to live instead of to hate. And, like, rebuild the city. And regain the trust of the people that I have disappointed so greatly.

I think that is where I will end it.

The Court explained the Molotov cocktails Karas possessed "are highly destructive devices. They result in death, injury, and destruction of property." Karas possessed these devices—the Molotov cocktails—at a "riotous and destructive" gathering that resulted in "six buildings that were burned, including two banks, and many vehicles." While the Court noted Karas was convicted only of a possession offense, "it is possession of Molotov cocktails. And it is exactly those kind of devices that are so frequently used, across the country, when there is a riot or destruction of property. It is really the tool, the instrument of choice." In fashioning the sentence, the district court highlighted the need to "protect the community" and the "very serious" nature of the crime, which "cannot be understated." The district court considered the factors set forth in 18 U.S.C. § 3553(a), including that Karas is "a very, very impressive person" who is smart and "a great worker." The Court also discussed Karas' alcoholism and

the need to punish, deter, and promote respect for the law. After considering the guidelines and the § 3553(a) factors, the district court sentenced Karas to 33 months in custody and three years of supervised release.

Subsequently, the Ninth Circuit Court of Appeals vacated Karas' sentence and remanded for re-sentencing "because the record fails to make clear whether the district court recognized that Mr. Karas was not per se ineligible for the [acceptance of responsibility] reduction." The Ninth Circuit expressed "no opinion on the merits of Mr. Karas's request for the reduction."

## II.

## DEFENDANT DID NOT ACCEPT RESPONSIBILITY

The comments to § 3E1.1(a) state, in relevant part:

> In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).

USSG § 3E1.1 cmt. 2.

This is not that rare situation. While it is true Karas has acknowledged constructing the devices at issue in the case, at trial Karas asserted his factual innocence, claiming the devices (bottles with wicks) he was found to possess did not contain gasoline or sufficient gasoline to be destructive devices. Indeed, he relied on his own false statement that a bottle was empty to support this contention. Further, as set forth in the Presentence Report, Karas went to trial, not to preserve a constitutional challenge, but simply because he did not like the Government's offer. ECF 82 at 10.

Karas also failed to show "personal contrition" and "a genuine acceptance of responsibility for his actions." See *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 991 (9th Cir. 2020) (citation omitted). After his arrest, Karas stated he observed the Chase bank on fire. When asked by law enforcement whether he was involved in lighting any of the fires, Karas said he was not but added that he "would like to say I was a part of it, I was not." Karas stated

he constructed the Molotov cocktails with the intention of setting fires but repeatedly attempted to distance himself from the destruction by stating that he changed his mind once he returned to the riot, about 20 minutes before his arrest.

And when Karas addressed the Court at sentencing, he still failed to own his conduct. He expressed remorse that he was charged, that he drank, and that the riots had impacted the La Mesa community negatively. He never acknowledged constructing the Molotov cocktails or bringing them to a riot with the intent to cause destruction. In short, he regretted the circumstances that he found himself in, but expressed no contrition for his crime.

Accordingly, a reduction for acceptance of responsibility pursuant to USSG § 3E1.1 is inappropriate.

## III.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests the Court deny his request for a reduction, and re-impose the same sentence, according to the recommendations contained in the United States Sentencing Summary Chart.

DATED: February 17, 2023

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*/s/Matthew Brehm*
Assistant United States Attorney